UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| ANTONIO AASIM BEY, | ) |
| | ) |
| *Petitioner*, | ) |
| | ) |
| v. | ) No.: 2:15-cv-21-JRG-DHI |
| | ) |
| STATE OF TENNESSEE, | ) |
| | ) |
| *Respondents*. | ) |
| | ) |

## MEMORANDUM AND ORDER

The Court is in receipt of a *pro se* prisoner's submission, entitled "Notice Of Appeal," which bears a case number of S61,735, and which is captioned as "The Moorish National Republic, The Moorish Divide and National Movement of the World, Aboriginal and Indigenous Natural Peoples of North-West Amexem North America," (Doc 1). A federal court "sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize it in order to place it within a different legal category . . . to create a better correspondence between the substance of *a pro se* motion and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381-82 (2003) (all citations omitted).

The facts set forth in the filing involve allegations that Mr. Bey was denied various constitutional rights, such as a speedy and public trial in Blountville, Tennessee, an impartial jury, due process of law, and counsel to represent him. Though the submission is rather confusing, the Court understands these allegations to be an attack on petitioner's unidentified state court conviction. This means that, if petitioner intended to seek a federal court remedy, the

filing could be characterized as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973) (finding that allegations of illegal detention relate directly to the fact and duration of physical confinement and must be raised in a habeas corpus petition).

However, before a *pro se* litigant's motion may be recharacterized as a first § 2254 petition, the district court must warn him that it intends to do so and that treating the filing as a habeas corpus application will subject any later submissions to the restrictions on second or successive petitions in 28 U.S.C. § 2244. *Martin v. Overton*, 391 F.3d 710, 713-14 (6th Cir. 2004); *In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002).

However, because this pleading has numerous other problems, the Court will not recharacterize the pleading but will require corrective action on the part of petitioner.

First of all, the submission is not accompanied by a filing fee or an application to proceed *in forma pauperis*. The filing fee for filing a habeas corpus petition is $5.00.

Secondly, a great deal of information is required for a habeas petition which is not supplied in the instant filing. *See* Rule 2(d), Governing Section 2254 Cases. Also, a petitioner who seeks habeas relief from an alleged unconstitutional conviction must first exhaust his available state court remedies by fairly presenting all his claims to the courts in the state where he was convicted. 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509 (1982). There is no indication in this instant pleading that this exhaustion requirement has been met.

Accordingly, within twenty (20) days of the date on this Order, petitioner must: (1) fill out and return the preprinted standard form, which is attached for his convenience and which is used to file § 2254 applications, to signify that, in filing this pleading, he intended to bring a petition for a writ of habeas corpus and (2) submit either the $5.00 filing fee or complete and

return the form application to proceed without prepayment of the filing fee, which likewise is appended to the order.

Unless petitioner complies with this order in a timely fashion, the Court will assume that he does not wish to proceed in this matter and will dismiss his pleading without prejudice for want of prosecution.

**ENTER**:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE
